Oreen, J.
delivered the opinion of the court.
This is an action of debt. The declaration alleges, that, “on “the 21st day of October, 1836, the defendant (Cummings) made “and delivered his certain promissory note, to the court shown, “bearing date of that day, and then and there promised to pay, on “the day and date aforesaid, to the said Joseph J. Freeman, two “hundred dollars, borrowed money.” To this declaration the defendant pleaded, “nil. debet.” The plaintiff offered in evidence, a.-, writing in the following words, namely:
“Due Joseph J. Freeman two hundred dollars borrowed, October 21, 1836. C. W. Cummings.”
To the reading said paper in evidence, the defendant objected, on the ground of variance between the paper offered and the note described in the declaration. The objection was overruled, to which decision, exception was taken. There was a verdict and judgment for the plaintiff, from which the defendant prosecuted; this appeal in error. The only question, now for the decision of the court is, whether this paper is a promissory note under the statute. If so, it is substantially set out in the declaration. ' In the case of Kimball vs. Huntingdon, 10 Wend. R. 675, the writing sued on, was in these words: “Due Kimball and Kiniston - three hundred and twenty-five dollars, payable on demand, October 20th, 1821,” and signed by the defendant. The court held, this was a promissory note. They say, “the instrument is a promissory note within the statute, as it contains every quality essential to such paper. The acknowledgment of indebtedness on its face implies a promise to pay the plaintiffs. Neither the acknowledgment of value received, or negotiable words are essesential to bring this paper within the statute.” In the case of Russell vs. Whipple, 2 Cow. R. 536, the paper sued on, was in the following words, namely: “Due Lawson Russell, or bearer, one day from date, two hundred dollars, twenty-six cents, for value received, as witness my hand, this 6th day of January, in the year of our Lord, 1823.” This paper was set out in the declaration; to which the defendant demurred, assigning for reason, that this was not a promissory note within the statute. The demurrer was noticed as frivolous, and being brought on, out of its place on the calender, the court thought it too plain for argument in its regular order, and rendered judgment for the plaintiff. These cases do not differ in principle from *145 'the one now before the court, and we should have deemed it too plain for serious debate, were it not that the case of Reed vs. Wheeler, 2 Yerg. R. 50, stands in our way. In that case the declaration stated: “That the said Tho’s. J. Read, by his certain note in writing, his own proper hand being thereto subscribed, acknowledged that there was due by him to the said J. J. Wheeler,, the sum of fifteen hundred and thirty dollars, sixty-three cents, value received.” The judgment was arrested on the ground assumed in the opinion, that .there was no consideration stated in the declaration, 'but the court must have held, that this was not a promissory note, .for, if it had been so considered, it would prima facie have impor--ted a consideration, and the declaration need not have averred it. If the note, in this case, be not a promissory note, within the statute, then no form of expression will constitute one, unless the writing contain an express promise to payt
. But .the Gases before referred to, and rnany others, cited in those cases,' constituting a current and weight of authority not to be resisted, hold the contrary doctrine. They hold, that the acknowledgment of indebtedness implies a promise to pay, and constitutes the writing, containing such acknowledgment, a promissory note.
The determination of our judgment, is in accordance with the weight qf authority, -and however reluctant we may be, to overrule a decision of this court, which has been deliberately made, and published, yet we think, .that as no mischief can result from changing the rule of decision in this instance, we "ought not to be deterred from pronouncing the law, as it is established by reason .and by authority. Let the judgment be affirmed.